**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KARA KERPAN**,<br><br>                Plaintiff,<br>    vs.<br><br>**BISCUITS CAFE, INC.**, an Oregon corporation; **SHANNON PRESTON**, an individual, d/b/a Biscuits Cafe and Biscuits Cafe Beaverton; **LORI PRESTON**, an individual, d/b/a Biscuits Cafe and Biscuits Cafe Beaverton; **EDDIE D. PRESTON**, an individual, d/b/a Biscuits; and **BARBARA PRESTON**, an individual, d/b/a Biscuits,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(FEDERAL AND STATE WAGE CLAIMS)<br><br>Demand for Jury Trial |

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

2.

This Court has supplemental jurisdiction over the state law claims set forth in this complaint pursuant to 28 U.S.C. § 1367. Both the federal and state claims alleged herein arose from a common nucleus of operative facts. The state actions are so related to the federal claims that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants transacted business in this district, Plaintiff was employed by Defendants in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

Plaintiff Kara Kerpan is a resident and citizen of the State of Oregon.

5.

Defendant Biscuits Cafe, Inc. conducts business in the State of Oregon and elsewhere.

6.

At all material times, Defendants Shannon Preston and Lori Preston were husband and wife, residents of the State of Oregon, and co-Registrants of the assumed business name "Biscuits Cafe Beaverton." Shannon Preston was also the Authorized Representative of Biscuits Cafe Beaverton. Shannon and/or Lori Preston also did business under the unincorporated, unregistered business name of "Biscuits Cafe."

7.

Defendants Eddie D. Preston and Barbara Preston are the parents of Defendant Shannon Preston and residents of the State of Oregon. At all material times herein, Eddie D. Preston and Barbara Preston were the co-Registrants of the assumed business name "Biscuits." Eddie D. Preston was also the Authorized Representative of the assumed business name "Biscuits." Eddie D.

Preston is also the Registered Agent, President and Secretary of Biscuits Cafe, Inc.

8.

At all material times, Defendants were operating as a single employer, joint employer and/or common enterprise (hereinafter the "Biscuits Enterprise"), which was an employer and an enterprise engaged in commerce or in the production of goods for commerce as defined by, and subject to, the requirements of the FLSA and Oregon wage and hour statutes. Defendants, and each of them, were owners, operators, managers and/or officers of the Biscuits Enterprise and acted directly or indirectly in the interest of the Biscuits Enterprise in relation to Plaintiff throughout her employment. Defendants, and each of them, were the actual and/or apparent agents of the other Defendants and of the Biscuits Enterprise at all times material herein.

**FACTS**

9.

Plaintiff was employed by the Biscuits Enterprise at or near the minimum wage rate at all relevant times.

10.

The Biscuits Enterprise required, allowed, suffered and permitted Plaintiff

to perform work "off the clock," for which she was not paid.

11.

The Biscuits Enterprise required, allowed, suffered and permitted Plaintiff to work through all or part of her statutory and contractual meal periods, but did not pay her for any time worked during that period.

12.

Plaintiff and the other servers were required to "tip out" $10 each to any hostess on duty during their shift. The hostesses did not customarily and regularly receive tips. Often, Defendant Lori Preston would work as a hostess for a couple of hours and require that the servers tip her out $10 each.

13.

Despite the fact that the Biscuits Enterprise had a laundry service launder the towels and chefs' coats, Plaintiff and the other servers were required to launder the aprons that they were given, on their own time and with their own money.

14.

On several occasions, when Plaintiff attempted to deposit or cash her paycheck, there were insufficient funds in the Biscuits Enterprise's account(s) to cover the paycheck.

15.

On several occasions, the Biscuits Enterprise issued paychecks late, after the regularly established payday.

16.

The Biscuits Enterprise did not pay Plaintiff all wages due to her within the statutorily mandated deadline to do so upon her termination.

**FIRST CLAIM FOR RELIEF**

(FLSA Minimum Wage, Liquidated Damages, Attorney Fees)

17.

All previous paragraphs are incorporated by reference herein.

18.

Pursuant to 29 U.S.C. § 206, the Biscuits Enterprise was required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so.

19.

Plaintiff is entitled to collect the difference between the federal minimum wage and the wages received when due, as well as an equal amount as liquidated damages, for each workweek over the past three years, in an amount to be proven at trial, together with attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(Oregon Minimum Wage, Penalty Wages, Attorney Fees)

20.

All previous paragraphs are incorporated by reference herein.

21.

Pursuant to O.R.S. 653.025, the Biscuits Enterprise was required to pay Plaintiff at least the amount of the Oregon minimum wage, when those wages were due, but willfully failed to do so.

22.

Plaintiff is entitled to collect the difference between the Oregon minimum wage and the wages received when due, in an amount to be proven at trial, together with 30 days of statutory penalty wages as provided by O.R.S. 652.150, attorney fees, costs and pre- and post-judgment interest.

## THIRD CLAIM FOR RELIEF

(Oregon Late Pay Claim, Penalty Wages, Attorney Fees)

23.

All previous paragraphs are incorporated by reference herein.

24.

Pursuant to O.R.S. 652.140, the Biscuits Enterprise was required to pay

Plaintiff all wages due, immediately upon termination of employment, but willfully failed to do so.

25.

Plaintiff is entitled to collect all wages remaining due her, together with 30 days of statutory penalty wages as provided by O.R.S. 652.150, attorney fees, costs and pre- and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**

(Oregon Unpaid Wages, Attorney Fees)

26.

All previous paragraphs are incorporated by reference herein.

27.

Pursuant to O.R.S. 652.120, the Biscuits Enterprise was required to pay Plaintiff all wages due when those wages were due, but willfully failed to do so.

28.

Plaintiff is entitled to collect the wages due, for each work week over the past six years, in an amount to be proven at trial, together with attorney fees, costs and pre- and post-judgment interest.

## FIFTH CLAIM FOR RELIEF

(ORS 648.007 Unregistered Business Name, Attorney Fees)

29.

All previous paragraphs are incorporated by reference herein.

30.

The Biscuits Enterprise carried on, conducted and transacted business in Oregon while using the assumed business name "Biscuits Cafe."

31.

This litigation arises from the Biscuits Enterprise's activities.

32.

The Biscuits Enterprise failed to register "Biscuits Cafe" as an assumed business name, as required by ORS 648.007.

33.

Plaintiff is entitled to recover $500 in addition to her attorney fees, per ORS 648.135(2).


**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award Plaintiff's attorney fees, costs and expenses of suit; order Defendants, and each of them, to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result

of her state claims; and order such further or alternative relief as the Court deems appropriate.

DATED this 7th day of July, 2008

                                      JON M. EGAN, P.C.

                                      /s/ Jon M. Egan  07/07/2008

                                      JON M. EGAN
                                      OSB # 002467
                                      (503) 697-3427
                                      Attorney for Plaintiff